**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILIPS MEDICAL CAPITAL, LLC, | |
|     Plaintiff, | No. C 06-04470 JSW |
|   v. | |
| MEDICAL INSIGHTS DIAGNOSTICS CENTERS, INC., et al., | **NOTICE OF TENTATIVE RULING AND QUESTIONS** |
|     Defendants. | |
| AND RELATED CROSS COMPLAINT | |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING **TENTATIVE** RULING AND QUESTIONS FOR THE HEARING SCHEDULED ON DECEMBER 15, 2006:

    The Court **TENTATIVELY GRANTS IN PART AND DENIES IN PART** the motions to dismiss filed by Third-Party Defendant Philips Medical Systems North America, a division of Philips Electronics North America, Inc. ("PMSNA") and by Cross-Defendant Phillips Medical Capital, LLC ("PMC"). The Court has reviewed the parties' memoranda of points and authorities and, thus, does not wish to hear the parties reargue matters addressed in those pleadings. If the parties intend to rely on authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these authorities reasonably in advance of the hearing and to make copies available at the hearing. If the parties submit such additional authorities, they are ORDERED to submit the citations to the authorities only, without argument

or additional briefing. *Cf.* N.D. Civil Local Rule 7-3(d). The parties will be given the opportunity at oral argument to explain their reliance on such authority.

The Court is trying to understand what facts Cross-Complainant and Third-Party Plaintiff Medical Insights Diagnostic Centers, Inc. ("MIDC") *currently* knows or can plead on information and belief to support its claims. If MIDC later discovers new facts which may support additional claims, MIDC may move for leave to amend at that time. However, the claims currently plead must be supported by sufficient facts or MIDC would be subject to Rule 11 sanctions. Most significantly, the Court is trying to determine what contract, including the form of such contract (oral, written, or implied) MIDC is suing on, what the essential terms of such contract(s) are, and how the contract(s) were allegedly breached.

Each party will have twenty minutes to address the following questions:

(1) What does MIDC contend the contract was between it and PMSNA? What are the terms of this contract? Is it oral or written? If written, what document or documents form the contract?

(2) MIDC argues in opposition to the motions that "PMSNA intended to shield itself from liability by placing boilerplate disclaimers of warranty and limitations of remedy in certain documents upon which PMSNA intended to rely when MIDC became aware that the equipment did not work as promised." (Opp. to PMSNA's Mot. at 6; Opp. to PMC's Mot. at 6.) To what documents are MIDC referring?

(3) Does MIDC contend that PMSNA was supposed to sell the MRI directly to MIDC, but instead, sold it to PMC?

(4) In opposition to PMC's motion, MIDC argues that it is not yet clear if or how the MRI was sold to it. MIDC argues that it might have purchased the MRI pursuant to a verbal agreement, an implied agreement, or as part of the Master Lease Agreement ("MLA"). (Opp. to PMC's Mot. at 15.)

    (a) Even if MIDC does not yet know the legal relationship between PMSNA and PMC, how does MIDC not know the circumstances of if and how the MRI was sold to it, separate from which entity sold it to MIDC?

  (b) Other than the legal relationship between PMSNA and PMC and what PMSNA and PMC may have agreed to with each other, are there any other types of facts that MIDC claims are currently unknown which affect what claims MIDC may bring?

(5) In light of the written contracts signed by MIDC, what warranties or other remedies, if any, does MIDC contend it would have against PMSNA if PMSNA and PMC were actually one company?

(6) Based on what facts, if any, does MIDC allege that PMC sold the MRI to MIDC pursuant to a verbal or implied contract?  (Opp. to PMC's Mot. at 18.)  Does MIDC agree that if there was no verbal or implied contract selling the MRI to MIDC, then MIDC does not have a claim for breach of implied warranties against PMC?  If not, on what basis does MIDC assert such a claim?

(7) What promises does MIDC contend PMSNA or PMC made that were in addition to the contract(s) for the sale and/or lease of the MRI?

(8) Do the parties have anything further to add?

Dated: December 14, 2006

/s/ Jeffrey S. White
JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE