UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Philips Medical Capital, LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>MEDICAL INSIGHTS DIAGNOSTICS CENTERS, INC., a California corporation, et al.,<br><br>Defendants.<br>_____/<br><br>and related cross action<br>_____/ | No. C-06- 4470 JSW (WDB)<br><br>**[PROPOSED]** **RIGHT TO ATTACH ORDER AND ORDER FOR ISSUANCE OF WRIT OF ATTACHMENT; ORDER GRANTING WRIT OF POSSESSION AND STAYING REDELIVERY** |

    On September 20, 2006, Magistrate Judge Wayne D. Brazil conducted a hearing in connection with plaintiff's applications for (1) writs of attachment against Medical Insights Diagnostic Centers, Inc., ("MIDC"), Virgil Williams, John Lynch, and Arthur Gronner, and (2) a writ of possession of MRI equipment. Marshall F. Goldberg, Esq., appeared for plaintiff. William T. Webb, Esq., appeared for defendants.

    The District Court hereby ADOPTS Magistrate Judge Brazil's Report and Recommendation, filed October 11, 2006, in its entirety and, for the reasons stated therein, ORDERS as follows.

## I. PLAINTIFF'S APPLICATION FOR WRIT OF ATTACHMENT AGAINST MIDC

### A. Findings

The Court FINDS as follows:

1. The claim upon which the attachment is sought is one upon which an attachment may be based.

2. The evidence in the record establishes the probable validity of the claim upon which the attachment is based.

3. The attachment is not sought for a purpose other than recovery on the claim upon which the request for attachment is based.

4. The amount to be secured is $2,514,798.06 (two million five hundred fourteen thousand seven hundred ninety eight dollars and six cents).

5. MIDC is a California corporation.

6. Plaintiff must post an undertaking in the amount $10,000.00 (ten thousand dollars) before the writ shall issue.

7. MIDC has asserted no exemptions.

### B. Order

1. Plaintiff has a right to attach property of defendant MIDC that is located in California up to a value of $2,514,798.06 (which includes $7,000.00 for allowed attorneys' fees).

2. No property is exempt.

3. Upon the filing of an undertaking in the amount $10,000.00, the Clerk of the Court shall issue a writ of attachment against all property of defendant MIDC that is located in California and for which a method of levy is provided by Article 2 (commencing with Section 488.300) of Chapter 8 of the California Code of Civil Procedure.

2

4. Defendant MIDC must transfer to the levying officer possession of (a) any documentary evidence in MIDC's possession or control of title to any property described in paragraph I.B.3 and (b) any documentary evidence in MIDC's possession or control of debt owed to MIDC that constitutes property described in paragraph I.B.3.

5. **Notice to Defendant MIDC** – Failure to comply with this order may subject MIDC to contempt proceedings.

## II. PLAINTIFF'S APPLICATION FOR WRIT OF ATTACHMENT AGAINST VIRGIL L. WILLIAMS

### A. Findings

The Court FINDS as follows:

1. The claim upon which the attachment is sought is one upon which an attachment may be based.

2. The evidence in the record establishes the probable validity of the claim upon which the attachment is based.

3. The attachment is not sought for a purpose other than recovery on the claim upon which the request for attachment is based.

4. The amount to be secured is $453,000.00 (four hundred fifty three thousand dollars).

5. Virgil L. Williams is a natural person.

6. Plaintiff must post an undertaking in the amount $10,000.00 (ten thousand dollars) before the writ shall issue.

7. Defendant Williams has failed to prove that all property described in plaintiff's application is exempt from attachment.

//

//

3

8. The following property of Virgil Williams is **exempt** from attachment:

    (a) equity in two automobiles up to $2,300.00,

    (b) furnishings in Dr. Williams' home and personal effects located at his residence located at 55 Yorkshire Drive, Oakland, California, 94618, that are ordinarily and reasonably necessary to Dr. Williams and his family and which he and his family personally use and/or procured for use at their personal residence,

    (c) equity in watches and a ring up to an aggregate value of $6,075.00,

    (d) Virgil Williams' earnings and bonuses for work as a physician,

    (e) value of Northwestern Mutual Life Insurance Policies up to $19,400.00,

    (f) $50,000.00 equity in the homestead pursuant to Cal. C.C.P. §704.730(a)(1), and

    (g) funds contained in retirement plans of the kind specified in Cal.C.C.P. §704.115(a)(3) <u>in excess of</u> $150,000.00.

9. The following property of Virgil Williams is **not** exempt from attachment: retirement funds of the kind specified in Cal.C.C.P. §704.115(a)(3) up to the amount $150,000.00 (one hundred fifty thousand dollars). This order is made WITHOUT PREJUDICE to plaintiff's ability to request that the Court revisit the issue of the amount of retirement funds that are not "exempt."

//
//
//
//

4

**B. Order**

1. Plaintiff has a right to attach property of defendant Virgil Williams that is located in California up to a value of $453,000.00 (which includes $3,000.00 for allowed attorneys' fees).

2. The property described in paragraph II.A.8 is exempt and shall not be attached.

3. The Clerk of the Court shall issue a writ of attachment in the amount of $453,000.00 upon the filing of an undertaking in the amount of $10,000.00, for any property of defendant Virgil Williams that is subject to attachment under California Code of Civil Procedure section 487.010 described as:

    (a) Real property located at 55 Yorkshire Drive, Oakland, California, 94618, and

    (b) (1) money on the premises where a trade, business, or profession is conducted by the defendant, **AND**

    (2) (a) money located elsewhere than on such premises and deposit accounts in excess of the first one thousand dollars ($1,000.00),

    **OR**

    <u>if the defendant has</u> (i) more than one deposit account or (ii) at least one deposit account and money located elsewhere than on the premises where a trade, business, or profession is conducted by the defendant, then

    (b) money in deposit accounts and elsewhere than on the premises where a trade business, or profession is conducted in excess of an aggregate amount of one thousand dollars ($1,000.00).[1]

---

[1] Paraphrasing the language of the authorizing statute, plaintiff seeks to attach:

money of individual Defendant(s) (a) located on the premises where a trade, business or profession is conducted by Defendant(s), (b) in excess of $1,000 elsewhere than on the premises where a trade, business or profession is conducted by Defendant(s) and not in deposit accounts, (c) located in a deposit account in excess of $1,000, (d) in excess of an aggregate amount of $1,000 located in deposit accounts and in a deposit account and money located elsewhere than on the premises where a trade, business or profession is conducted by Defendant(s).

5

4. Defendant Virgil Williams must transfer to the levying officer possession of (a) any documentary evidence in Virgil Williams' possession or control of his title to any property and (b) any documentary evidence in Virgil Williams' possession or control of debt owed to Dr. Williams.

5. **Notice to Defendant Virgil Williams** – Failure to comply with this order may subject you to contempt proceedings.

### III. PLAINTIFF'S APPLICATION FOR WRIT OF ATTACHMENT AGAINST JOHN A. LYNCH

#### A. Findings

The Court FINDS as follows:

1. The claim upon which the attachment is sought is one upon which an attachment may be based.

2. The evidence in the record establishes the probable validity of the claim upon which the attachment is based.

3. The attachment is not sought for a purpose other than recovery on the claim upon which the request for attachment is based.

4. The amount to be secured is $453,000.00 (four hundred fifty three thousand dollars).

5. John A. Lynch is a natural person.

6. Plaintiff must post an undertaking in the amount $10,000.00 (ten thousand dollars) before the writ shall issue.

7. Defendant Lynch has failed to prove that all property described in plaintiff's application is exempt from attachment.

//

---

*E.g.*, Lynch Motion at 8. We think the articulation in the text states plaintiff's entitlement more clearly.

6

8. The following property of John A. Lynch is **exempt** from attachment:
   (a) equity in one automobile up to $2,300.00,
   (b) furnishings in Mr. Lynch's home and personal effects located at his residence located at 5799 Balmoral Drive, Oakland, California, 94619, that are ordinarily and reasonably necessary to Mr. Lynch and his family and which he and his family personally use and/or procured for use at their personal residence,
   (c) equity in personal jewelry, heirlooms and works of art, including watches, paintings, sculptures, and wedding rings, up to an aggregate value of $6,075.00,
   (d) John Lynch's employment earnings,
   (e) value of AIG Term Life Insurance Policy up to $19,400.00,
   (f) $75,000.00 equity in the homestead pursuant to Cal. C.C.P. §704.730,
   (g) funds contained in retirement plans of the kind specified in Cal.C.C.P. §704.115(a)(3) <u>in excess of</u> $150,000.00, and
   (h) tools of the trade including one 1997 Ford Van.

9. The following property of John Lynch is **not** exempt from attachment: retirement funds of the kind specified in Cal.C.C.P. §704.115(a)(3) up to the amount $150,000.00 (one hundred fifty thousand dollars). This order is made WITHOUT PREJUDICE to plaintiff's ability to request that the Court revisit the issue of the amount of retirement funds that are not "exempt."

**B.**   **Order**

1. Plaintiff has a right to attach property of defendant John A. Lynch that is located in California up to a value of $453,000.00 (which includes $3,000.00 for allowed attorneys fees).

7

2. The property described in paragraph III.A.8 is exempt and shall not be attached.

3. The Clerk of the Court shall issue a writ of attachment in the amount of $453,000.00 upon the filing of an undertaking in the amount of $10,000.00, for any property of defendant John A. Lynch that is subject to attachment under California Code of Civil Procedure section 487.010 described as:

    (a) Real property located at 5799 Balmoral Drive, Oakland, California, 94619, and

    (b) (1) money on the premises where a trade, business, or profession is conducted by the defendant, **AND**

        (2) (a) money located elsewhere than on such premises and deposit accounts in excess of the first one thousand dollars ($1,000.00),

**OR**

<u>if the defendant has</u> (i) more than one deposit account or (ii) at least one deposit account and money located elsewhere than on the premises where a trade, business, or profession is conducted by the defendant, then

        (b) money in deposit accounts and elsewhere than on the premises where a trade business, or profession is conducted in excess of an aggregate amount of one thousand dollars ($1,000.00).[2]

//
//
//

---

[2] Paraphrasing the language of the authorizing statute, plaintiff seeks to attach:

money of individual Defendant(s) (a) located on the premises where a trade, business or profession is conducted by Defendant(s), (b) in excess of $1,000 elsewhere than on the premises where a trade, business or profession is conducted by Defendant(s) and not in deposit accounts, (c) located in a deposit account in excess of $1,000, (d) in excess of an aggregate amount of $1,000 located in deposit accounts and in a deposit account and money located elsewhere than on the premises where a trade, business or profession is conducted by Defendant(s).

*E.g.*, Lynch Motion at 8. We think the articulation in the text states plaintiff's entitlement more clearly.

8

4. Defendant John A. Lynch must transfer to the levying officer possession of (a) any documentary evidence in Mr. Lynch's possession or control of his title to any property and (b) any documentary evidence in Mr. Lynch's possession or control of debt owed to Mr. Lynch.

5. **Notice to Defendant John A. Lynch** – Failure to comply with this order may subject you to contempt proceedings.

## IV. PLAINTIFF'S APPLICATION FOR WRIT OF ATTACHMENT AGAINST ARTHUR GRONNER

### A. Findings

The Court FINDS as follows:

1. The claim upon which the attachment is sought is one upon which an attachment may be based.

2. The evidence in the record establishes the probable validity of the claim upon which the attachment is based.

3. The attachment is not sought for a purpose other than recovery on the claim upon which the request for attachment is based.

4. The amount to be secured is $453,000.00 (four hundred fifty three thousand dollars).

5. Arthur T. Gronner is a natural person.

6. Plaintiff must post an undertaking in the amount $10,000.00 (ten thousand dollars) before the writ shall issue.

7. Defendant Gronner has failed to prove that all property described in plaintiff's application is exempt from attachment.

//
//
//

8. The following property of Arthur T. Gronner is **exempt** from attachment:

    (a) equity in two automobiles up to $2,300.00,

    (b) furnishings in Dr. Gronner's home and personal effects located at his residence located at 24 Cabernet Ct., Lafayette, California, 94549, that are ordinarily and reasonably necessary to Dr. Gronner and his family and which he and his family personally use and/or procured for use at their personal residence,

    (c) equity in personal jewelry, heirlooms and works of art, including rings and necklaces, up to an aggregate value of $6,075.00,

    (d) Dr. Gronner's employment earnings,

    (e) $75,000.00 equity in the homestead pursuant to Cal. C.C.P. §704.730, and

    (F) funds contained in retirement plans of the kind specified in Cal.C.C.P. §704.115(a)(3) <u>in excess of</u> $150,000.00.

9. The following property of Arthur Gronner is **not** exempt from attachment: retirement funds of the kind specified in Cal.C.C.P. §704.115(a)(3) up to the amount $150,000.00 (one hundred fifty thousand dollars). This order is made WITHOUT PREJUDICE to plaintiff's ability to request that the Court revisit the issue of the amount of retirement funds that are not "exempt."

**B.**     **Order**

1. Plaintiff has a right to attach property of defendant Arthur T. Gronner that is located in California up to a value of $453,000.00 (which includes $3,000.00 for allowed attorneys' fees).

10

2. The property described in paragraph IV.A.8 is exempt and shall not be attached.

3. The Clerk of the Court shall issue a writ of attachment in the amount of $453,000.00 upon the filing of an undertaking in the amount of $10,000.00, for any property of defendant Arthur T. Gronner that is subject to attachment under California Code of Civil Procedure section 487.010 described as:

(a) Real property located at 24 Cabernet Court, Lafayette, California, 94549, and

(b) (1) money on the premises where a trade, business, or profession is conducted by the defendant, **AND**

(2) (a) money located elsewhere than on such premises and deposit accounts in excess of the first one thousand dollars ($1,000.00),

**OR**

<u>if the defendant has</u> (i) more than one deposit account or (ii) at least one deposit account and money located elsewhere than on the premises where a trade, business, or profession is conducted by the defendant, then

(b) money in deposit accounts and elsewhere than on the premises where a trade business, or profession is conducted in excess of an aggregate amount of one thousand dollars ($1,000.00).[3]

//
//
//

---

[3] Paraphrasing the language of the authorizing statute, plaintiff seeks to attach:

money of individual Defendant(s) (a) located on the premises where a trade, business or profession is conducted by Defendant(s), (b) in excess of $1,000 elsewhere than on the premises where a trade, business or profession is conducted by Defendant(s) and not in deposit accounts, (c) located in a deposit account in excess of $1,000, (d) in excess of an aggregate amount of $1,000 located in deposit accounts and in a deposit account and money located elsewhere than on the premises where a trade, business or profession is conducted by Defendant(s).

*E.g.*, Lynch Motion at 8. We think the articulation in the text states plaintiff's entitlement more clearly.

11

    4.      Defendant Arthur T. Gronner must transfer to the levying officer possession of (a) any documentary evidence in Dr. Gronner's possession or control of his title to any property and (b) any documentary evidence in Dr. Gronner's possession or control of debt owed to Dr. Gronner.

    5.      **Notice to Defendant Arthur T. Gronner** – Failure to comply with this order may subject you to contempt proceedings.

## V. PLAINTIFF'S APPLICATION FOR WRIT OF POSSESSION

### A. Findings

The Court FINDS as follows:

1. MIDC has been properly served as required by Cal. C.C.P. §512.030.

2. Plaintiff has established the probable validity of its claim to possession of the following property:

    (a)    Items of Equipment, Software and Maintenance: VitalWorks PACS/RIS,

    (b)    Items of Equipment, Software and Maintenance: one Panorana MRI 0.6T, and

    (c)    Items of Equipment, Software and Maintenance: one MedRad Injector and one Silent Scan Music and Communication System.

3. There is probable cause to believe this property is located at the following private place: Medical Insights Diagnostic Centers, Inc., 1401 Willow Pass Road, Suite 110, Concord, California, 94520.

4. Plaintiff has <u>not</u> yet filed an undertaking as required by Cal. C.C. P. §515.010.

5. MIDC wishes to retain possession of the property.

12

|   |   |
|---|---|
| 1 | 6.   Plaintiff does not object to MIDC's retention of the property on the |
| 2 | condition that MIDC files an undertaking pursuant to Cal. C.C.P. §515.020. |
| 3 | 7.   In order to retain possession of the property, defendant must file an |
| 4 | undertaking in the amount $375,000.00 (three hundred seventy five thousand |
| 5 | dollars). |

**B.   Order**

1. Upon filing of an appropriate undertaking plaintiff is entitled to issuance of a writ of possession for the property described in section V.A.2.
2. Redelivery of the property will be STAYED on the condition that MIDC files an undertaking in the amount $375,000.00.
3. Defendant must file the requisite undertaking **by February 6, 2007.** ~~[insert month and date], 2006.~~ If MIDC does not comply with this order, plaintiff may move this Court for a prompt determination of the amount of the undertaking plaintiff will be required to post pursuant to Cal. C.C.P. §515.010. Upon plaintiff's filing of the requisite undertaking, the Court will direct the Clerk of the Court to promptly issue a writ of possession for the property described in section V.A.2.

IT IS SO ORDERED.

Dated: ~~October __, 2006~~ January 26, 2007

*/s/ Jeffrey S. White*
JEFFREY S. WHITE
United States District Judge

Copies to:
parties,
JSW, wdb, stats

13