| | |
|---|---|
| MARSHALL F. GOLDBERG, SBN 89677<br>GLASS & GOLDBERG<br>21700 Oxnard Street, Suite 430<br>Woodland Hills, CA 91367-3665<br>Tel: 818.888.2220<br>Fax: 818.888.2229<br>E-mail: mgoldberg@glassgoldberg.com | WILLIAM T. WEBB, State Bar No. 193832<br>HANSON BRIDGETT LLP<br>425 Market Street, 26th Floor<br>San Francisco, CA 94105<br>Tel: 415.777.3200<br>Fax: 415.541.9366<br>E-mail: wwebb@handonbridgett.com |
| Attorneys for Plaintiff and Counter-Defendant<br>PHILIPS MEDICAL CAPITAL, LLC | Attorneys for Defendant and Third-Party Plaintiff MEDICAL INSIGHTS DIAGNOSTIC CENTERS, INC., a California Corporation; VIRGIL L. WILLIAMS, an individual; JOHN A. LYNCH, an individual; ARTHUR T. GRONNER, an individual and as Trustee of the Arthur T. and Bonnie S. Gronner Trust dated December 9, 1993; ARTHUR T. AND BONNIE S. GRONNER TRUST dated December 9, 1993 |
| DIANE L. WEBB, State Bar No. 197851<br>MORGAN, LEWIS & BOCKIUS LLP<br>One Market, Spear Street Tower<br>San Francisco, CA 94105-1126<br>Tel: 415.442.1000<br>Fax: 415.442.1001<br>E-mail: dwebb@morganlewis.com | |
| Attorneys for Third-Party Defendant<br>PHILIPS MEDICAL SYSTEMS NORTH AMERICA, a division of Philips Electronics North America, Inc. | |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| PHILIPS MEDICAL CAPITAL, LLC, a Delaware limited liability company,<br><br>    Plaintiff,<br><br>    v.<br><br>MEDICAL INSIGHTS DIAGNOSTIC CENTERS, INC., a California Corporation; VIRGIL L. WILLIAMS, an individual; JOHN A. LYNCH, an individual; ARTHUR T. GRONNER, an individual and as Trustee of the Arthur T. and Bonnie S. Gronner Trust dated December 9, 1993; ARTHUR T. AND BONNIE S. GRONNER TRUST DATED DECEMBER 9, 1993 and DOES 1-10, inclusive,<br><br>    Defendants.<br><br>AND RELATED COUNTERCLAIM AND THIRD-PARTY CLAIM | Case No. C 06-4470 JSW<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>Location:    Courtroom 2<br>Judge:       Hon. Jeffrey S. White<br><br>Complaint Filed:    April 14, 2006 |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO
1-SF/7453352.1

STIPULATED PROTECTIVE ORDER
CASE NO. C 06-4470-JSW

Plaintiff and counter-defendant, Philips Medical Capital, LLC ("PMC"), defendant and third-party plaintiff Medical Insights Diagnostic Centers, Inc., et al. (collectively "MIDC"), and third-party defendant Philips Medical Systems, a division of Philips Electronics North America, Inc. ("PMSNA") (collectively "the parties") hereby stipulate to the following protective order:

1. This stipulated protective order ("Order") shall apply to the above captioned matter before the U.S. District Court for the Northern District of California and all related matters between the parties that may be filed on or after the date of execution of the Order (the "Litigation").

2. The Order shall bind the parties, all agents, attorneys, consultants and representatives of the parties who become signatories to the Order (by executing one of the Certifications attached as Exhibit A hereto), and any other signatory to the Order.

3. The parties further agree that monetary damages for violation of this Order are not a completely adequate remedy and that injunctive relief is also proper as a cumulative remedy.

4. The designation of information as "CONFIDENTIAL" shall be limited to information that any producing party, including any third party, in good faith, believes to contain (a) trade secret, proprietary, or commercially sensitive information; (b) financial information; (c) information that should otherwise be subject to confidential treatment pursuant to applicable California law; or (d) confidential and identifiable health information (such as health information that is connected to a patient's name, address, social security number or other identifying information) that is subject to the Standards of Privacy of Individually Identifiable Health Information, 45 CFR parts 160 and 164, promulgated pursuant to the Health Insurance Portability and Accountability Act of 1996 (HIPAA), or other similar statutory or regulatory privacy protections.

5. By designating a document, thing, material, testimony or other information derived therefrom as "CONFIDENTIAL," under the terms of this Order, the party making the designation is certifying to the court that there is a good faith basis for the designation.

6. "CONFIDENTIAL" documents shall be so designated by stamping copies of the document produced to a party with the legend "CONFIDENTIAL."

Morgan, Lewis &
Bockius LLP
Attorneys At Law
San Francisco
1-SF/7453352.1

STIPULATED PROTECTIVE ORDER
CASE NO. C 06-4470 JSW

1

7.      The parties may designate deposition testimony and exhibits (or portions thereof) of any witness in the Litigation as "CONFIDENTIAL" at the time of the deposition by stating as such on the record and advising the reporter and all parties of such fact at the time.  If any portion of a videotaped deposition is designated pursuant to this Paragraph, the videocassette or other videotape or CD-ROM container shall be labeled with the appropriate legend.  Unless a shortened time period is requested as set forth below, within thirty (30) days of receipt of a transcript, the deponent, his/her counsel, or any other party may redesignate all or portions of the transcript "CONFIDENTIAL."  The deponent, his/her counsel or any other party shall list on a separate piece of paper the numbers of the pages of the deposition transcript containing "CONFIDENTIAL" information and serve the same on opposing counsel.  Pending such designation, the entire deposition transcript, including exhibits, shall be deemed "CONFIDENTIAL" information.  If no designation is made within thirty (30) days after receipt of the transcript, the transcript shall be deemed not to contain any "CONFIDENTIAL" information.

8.      "CONFIDENTIAL" information may include or be included in any document, physical object, tangible thing, transcript or oral testimony or recorded statement, including, without limitation, transcripts, answers to interrogatories and other responses to discovery requests, e-mails, pleadings, briefs, rulings from a court or arbitration panel, summaries, notes, abstracts, motions, drawings, illustrations, diagrams, blueprints, journal entries, logbooks, compositions, devices, test reports, programs, code, commands, electronic media, databases, and any other records and reports which comprise, embody or summarize information about the producing party's business, products, practices and procedures.  Any such use shall itself be "CONFIDENTIAL" under this stipulation and Order.

9.      Material designated as "CONFIDENTIAL" under this Order, the information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or in part from material designated as confidential (hereinafter "CONFIDENTIAL MATERIAL") shall be used only for the purpose of the prosecution, defense, or settlement of this action, and for no other purpose.

Morgan, Lewis &
Bockius LLP
Attorneys At Law
San Francisco
1-SF/7453352.1

STIPULATED PROTECTIVE ORDER
CASE NO. C 06-4470 JSW

2

1    10. CONFIDENTIAL MATERIAL may be disclosed on a need to know basis, in the minimum amount necessary for the disclosure purpose, only to the following persons:

(a) corporate representatives and employees of a named party to the Litigation who have executed a Certification attached hereto as Exhibit A;

(b) in-house counsel of a named party to the Litigation who has executed a Certification attached hereto as Exhibit A;

(c) outside counsel representing a named party in the Litigation, including all paralegal assistants, and stenographic and clerical employees working under the supervision of such counsel;

(d) court reporters, interpreters, translators, copy services, graphic support services, document imaging services, and database/coding services retained by counsel, provided these individuals, or an appropriate company official with authority to do so on behalf of the company, executes a Certification attached hereto as Exhibit A;

(e) an expert or consultant who (i) is retained by any attorney described in Paragraphs 9(b) and (c) to assist with the Litigation, (ii) agrees not to use nor disclose such CONFIDENTIAL MATERIAL in any other litigation or proceeding; and (iii) has executed a Certification attached hereto as Exhibit A;

(f) a person who prepared, received, or reviewed the CONFIDENTIAL MATERIAL prior to its production in the Litigation;

(g) during depositions, preparation for depositions, testimony in a hearing, and preparation for testimony in a hearing, a witness who is a current employee of the party that produced the applicable document(s) or who appears, based upon the document itself or other testimony, to have knowledge of the contents of the CONFIDENTIAL MATERIAL or the specific events, transactions, discussions, or date reflected in the CONFIDENTIAL MATERIAL, provided such witness executes a Certification attached hereto as Exhibit A;

(h) any mediators utilized in the Litigation;

(i) this Court, the appointed arbitrators or any Special Masters and/or Mediators appointed by the Court.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO
1-SF/7453352.1

STIPULATED PROTECTIVE ORDER
CASE NO. C 06-4470 JSW

3

1  11. This Order does not apply to any information or documents:

2  (a) already in the possession of a receiving party and not subject to any
3  obligation of confidentiality; and

4  (b) acquired by a receiving party from a third party without being designated
5  confidential or similar material unless the third party received the information or documents
6  subject to any form of confidentiality protection.

7  12. All information designated "CONFIDENTIAL" in accordance with the terms of
8  this Order and produced or exchanged in the course of the Litigation shall be used or disclosed
9  solely for the purpose of the Litigation and in accordance with the provisions of this Order. **Such
10  "CONFIDENTIAL" information shall not be used nor relied upon for any business or other
11  purpose, including for the purpose of competing in any way with or transacting business in
12  any way with a disclosing party, nor used nor relied upon in any other litigation or other
13  proceeding, except by court order or otherwise required by law.**

14  13. Any person or party receiving CONFIDENTIAL MATERIALS that receives a
15  request or subpoena for production or disclosure of such CONFIDENTIAL MATERIALS shall
16  promptly give notice by facsimile to the producing party identifying the information sought and
17  enclosing a copy of the subpoena or request. Provided that the producing party makes a timely
18  motion or other application for relief from the subpoena or other request in the appropriate forum,
19  the person or party subject to the subpoena or other request shall not produce or disclose the
20  requested information without consent of the producing party or until ordered by a court of
21  competent jurisdiction.

22  14. Counsel shall inform each person to whom they disclose or give access to
23  CONFIDENTIAL MATERIALS the terms of this Order, as well as the obligation to comply with
24  each of those terms. Persons receiving CONFIDENTIAL MATERIALS are prohibited from
25  disclosing it to any person except in conformance with this Order. The recipient of any
26  CONFIDENTIAL MATERIALS agrees to subject himself/herself to the jurisdiction of any Court
27  having jurisdiction over this Litigation or the parties for the purpose of any proceedings relating
28  to the performance under, compliance with, or violation of this Order.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO
1-SF/7453352.1

STIPULATED PROTECTIVE ORDER
CASE NO. C 06-4470 JSW

4

15. The recipient of any CONFIDENTIAL MATERIALS shall maintain such information in a secure and safe area and shall exercise the same standard of due and proper care with respect to the storage, custody, use and/or dissemination of such information as is exercised by the recipient with respect to his or her own confidential or proprietary information.

16. Counsel for the parties agree to maintain a file of all Certifications (Exhibit A) required by this Order.

17. Nothing in this Order shall be construed in any way as a finding that information designated "CONFIDENTIAL" actually is "CONFIDENTIAL" information. Any party may object, in writing, to the designation by another party by specifying the information in issue and its grounds for questioning the designation. A party shall not be obligated to challenge the propriety of a designation at the time made, and a failure to do so shall not preclude any subsequent challenge. In the event that any party to the Litigation disagrees at any point in these proceedings with the designation by the producing party, the parties shall try first to dispose of such dispute in good faith on an informal basis. If the parties' cannot resolve the dispute within ten (10) days of service of a written objection, the party challenging the designation may file a motion to compel within another twenty-one (21) days after the parties' informal attempts at resolution have concluded. The information, documents or materials shall continue to receive the protection of their designation until the Court rules on the motion. The party that designated the information "CONFIDENTIAL" shall have the burden of demonstrating the propriety of its designation.

18. Nothing herein shall be construed to be an admission of relevance or to affect, in any way, the admissibility of any documents, testimony or other evidence in the Litigation. This Order is without prejudice to the right of any party, if any, to bring before the Court at any time the question of whether any particular information is or is not discoverable or admissible.

19. Nothing in this Order shall bar or otherwise restrict any attorney herein from rendering advice to clients with respect to the Litigation and in the course thereof, referring to or relying upon the attorney's examination of CONFIDENTIAL MATERIALS so long as the attorney does not disclose the "CONFIDENTIAL" information itself.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO
1-SF/7453352.1

STIPULATED PROTECTIVE ORDER
CASE NO. C 06-4470 JSW

5

20. The inadvertent or mistaken disclosure by a producing party of "CONFIDENTIAL" information shall not constitute a waiver of any claim of confidentiality except where: (a) the producing party notifies a receiving party in writing of such inadvertent or mistaken disclosure within ten (10) business days of becoming aware of such disclosure and, (b) within thirty (30) days of such notice, the producing party fails to provide properly redesignated documents to the receiving party. During the thirty (30) day period after notice, the materials shall be treated as designated in the producing party's notice. Upon receipt of properly redesignated documents, the receiving party shall return all unmarked or incorrectly designated documents and other materials to the producing party within five (5) business days. The receiving party shall not retain copies thereof and shall treat information contained in said documents and materials and any summaries or notes thereof as appropriately marked pursuant to the producing party's notice.

21. Should any "CONFIDENTIAL" information be disclosed, through inadvertence or otherwise, by a receiving party to any person or party not authorized under this Order, then the receiving party shall: (a) immediately notify the disclosing/producing party or entity; (b) use its best efforts to obtain the return of any such "CONFIDENTIAL" information and to bind such person or party to the terms of this Order; (c) within seven (7) business days of the discovery of such disclosure, inform such person of all provisions of this Order and identify such person or party to the producing party; and (d) request such person or party to sign the Certification attached hereto as Exhibit A. The executed Certification shall be served upon counsel for the producing party within ten (10) business days of its execution by the party to whom the "CONFIDENTIAL" information was inadvertently disclosed. Nothing in this Paragraph is intended to limit the remedies that the producing party may pursue for breach of this Order.

22. This Order shall be without prejudice to the right of the parties (i) to bring before the Court at any time the question of whether any particular document or information is confidential or whether its use should be restricted or (ii) to present a motion to the Court under FRCP 26(c) for a separate protective order as to any particular document or information,

Morgan, Lewis &
Bockius LLP
Attorneys At Law
San Francisco
1-SF/7453352.1

STIPULATED PROTECTIVE ORDER
CASE NO. C 06-4470 JSW

6

including restrictions differing from those as specified herein. This Order shall not be deemed to prejudice the parties in any way in any future application for modification of this Order.

23.     This Order is entered solely for the purpose of facilitating the exchange of documents and information between the parties to this action without involving the Court unnecessarily in the process.  Nothing in this Order nor the production of any information or document under the terms of this Order nor any proceedings pursuant to this Order shall be deemed to have the effect of an admission or waiver by either party or of altering the confidentiality or nonconfidentiality of any such document or information or altering any existing obligation of any party or the absence thereof.

24.     This Order shall survive the termination of the Litigation and shall continue in full force and effect thereafter.

25.     After final termination of this Litigation, the outside counsel for a named party may each retain one copy of deposition transcripts and exhibits, Court transcripts and exhibits, and documents and other materials submitted to the Court.  Nothing herein shall require the return or destruction of attorney work product.  Such material shall continue to be treated as designated under this Order.  Within sixty (60) days after final termination of the Litigation, at the request of the producing party, counsel for the receiving party either shall (a) return all additional CONFIDENTIAL MATERIALS in his/her possession, custody or control or in the custody of any authorized agents, outside experts and consultants retained or utilized by counsel for the receiving party to counsel for the party who has provided such CONFIDENTIAL MATERIALS in discovery or (b) certify destruction thereof to the producing party's counsel.  As to "CONFIDENTIAL" information reflected in computer databases or backup tapes or any other electronic form, the receiving party shall erase all such "CONFIDENTIAL" information.

26.     Within thirty (30) days after final termination (including the time limits for appeals) of the Litigation, outside counsel for a named party shall retrieve from the Court all "CONFIDENTIAL" information that it filed with the Court during the Litigation and return or dispose of such information in accordance with the above.

STIPULATED PROTECTIVE ORDER
CASE NO. C 06-4470 JSW                                  7

Morgan, Lewis &
Bockius LLP
Attorneys At Law
San Francisco
1-SF/7453352.1

27. If information subject to a claim of attorney-client privilege or work product immunity is inadvertently or mistakenly produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege or work-product immunity for such information. If a party has inadvertently or mistakenly produced information subject to a claim of immunity or privilege, upon written request made by the producing party within twenty-one (21) days of discovery of such inadvertent or mistaken production, the information for which a claim of inadvertent production is made, including all copies, shall be returned within seven (7) business days of such request unless the receiving party intends to challenge the producing party's assertion of privilege or immunity. All copies of inadvertently or mistakenly produced documents shall be destroyed, and any document or material information reflecting the contents of the inadvertently produced information shall be expunged. If a receiving party objects to the return of such information within the seven (7) business day period described above, the producing party may move the Court for an order compelling the return of such information. Pending the ruling, a receiving party may retain the inadvertently or mistakenly produced documents in a sealed envelope and shall not make any use of such information.

28. Nothing in this Order shall prevent any party from applying to the Court for relief therefrom, or from applying to the Court for further or additional protective orders or modification of this Order.

29. Nothing in this Order shall preclude any party from retaining experts or consultants of their choice in this litigation.

IT IS SO STIPULATED AND AGREED.

Morgan, Lewis &
Bockius LLP
Attorneys At Law
San Francisco
1-SF/7453352.1

STIPULATED PROTECTIVE ORDER
CASE NO. C 06-4470 JSW

8

| | | |
|---|---|---|
| 1 | Dated: January 22, 2007 | GLASS & GOLDBERG |
| 2 | | |
| 3 | | |
| 4 | | By  /s/ |
| | | Marshall F. Goldberg |
| 5 | | Attorneys for Plaintiff and Counter-Defendant Philips Medical Capital, LLC |
| 6 | | |
| 7 | Dated: January 22, 2007 | HANSON BRIDGETT LLP |
| 8 | | |
| 9 | | |
| 10 | | By  /s/ |
| | | William T. Webb |
| 11 | | Attorneys for Defendant and Third-Party Plaintiff Medical Insights Diagnostic Centers, Inc., et al. |
| 12 | | |
| 13 | Dated: January 22, 2007 | MORGAN, LEWIS & BOCKIUS LLP |
| 14 | | |
| 15 | | |
| 16 | | By  /s/ |
| | | Diane L. Webb |
| 17 | | Attorneys for Third-Party Defendant Philips Medical Systems North America, a division of Philips Electronics North America, Inc. |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO
1-SF/7453352.1

STIPULATED PROTECTIVE ORDER
CASE NO. C 06-4470 JSW

9

## ORDER

**IT IS SO ORDERED.**

Dated: January 27, 2007

By _____
Hon. Jeffrey S. White
United States District Court Judge for the
Northern District of California

STIPULATED PROTECTIVE ORDER
CASE NO. C 06-4470 JSW

10

# CERTIFICATION - EXHIBIT A

I hereby certify that I have read the attached Stipulated Protective Order in the Philips Medical Capital, LLC v. Medical Insights Diagnostics Centers, Inc., et al. litigation (the "Litigation"), and I agree that I will not reveal "CONFIDENTIAL" information to, or discuss such with, any person who is not entitled to receive "CONFIDENTIAL" information in accordance with the Stipulated Protective Order, I will use and rely upon "CONFIDENTIAL" information only for the purposes of facilitating the prosecution or defense of the Litigation and not for any business or other purpose, including for any competitive purpose. I will otherwise keep all "CONFIDENTIAL" information confidential in accordance with this Stipulated Protective Order. I agree that the U.S. District Court for the Northern District of California has jurisdiction to enforce the terms of the Stipulated Protective Order, and I consent to jurisdiction of the U.S. District Court for the Northern District of California over my person for that purpose. I will otherwise be bound by the strictures of the Stipulated Protective Order, whose terms shall be deemed fully incorporated herein.

Dated: _____       _____

_____
[Print Name]

_____
[Company]

_____
[Address]

Morgan, Lewis & Bockius LLP
Attorneys At Law
San Francisco
1-SF/7453352.1

STIPULATED PROTECTIVE ORDER
CASE NO. C 06-4470 JSW

11