United States District Court

For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Philips Medical Capital, LLC, a
Delaware limited liability company,

         Plaintiff,

    v.

Medical Insights Diagnostics
Centers, Inc.,  a California
corporation, et al.,

        Defendants.
_____/

and related cross action
_____/

No. C-06- 4470 JSW (WDB)


**REPORT AND
RECOMMENDATION RE SETTING
UNDERTAKING FOR WRIT OF
POSSESSION**

     On October 11, 2006, we issued our Report and Recommendation re
Applications for Writs of Attachment and Writ of Possession.  On January 26,
2007, the District Court adopted that Report and Recommendation in its entirety.
Right to Attach Order and Order for Issuance of Writ of Attachment; Order
Granting Writ of Possession and Staying Redelivery, filed January 26, 2007
("Right to Attach Order").  The Court ruled that plaintiff is entitled to a writ of
possession to obtain possession of the MRI equipment that is the subject of the
parties' contract.  However, the District Court's Order permitted defendants to
keep possession of the MRI equipment if, by February 6, 2007, defendants posted
an undertaking in the amount $375,000.00.  Right to Attach Order, at 13.  In the

1

event defendants failed to post the requisite undertaking, the Court authorized plaintiff to promptly move the Court for a determination about plaintiff's obligation, if any, to file an undertaking in order to obtain issuance of a writ of possession.

Defendants have not posted an undertaking.  Accordingly, on February 9, 2007, plaintiff filed its Motion for Determination of the Amount of Plaintiff's Undertaking Required Pursuant to CCP §515.010 ("Motion").  On February 12, 2007, Judge White referred plaintiff's Motion to the undersigned.  In its Motion, plaintiff asks the Court to waive the requirement that plaintiff file an undertaking. On February 28, 2007, defendants filed their Opposition to plaintiff's request.

On March 14, 2007, this court conducted a hearing in connection with plaintiff's Motion.

On March 20, 2007, defendants filed their Withdrawal of Defendants' Opposition to Motion for Determination of the Amount of Plaintiff's Undertaking. Defendants no longer oppose plaintiff's request that the Court waive the requirement that it file an undertaking.

Accordingly, the court makes the following REPORT AND RECOMMENDATION.

## I.    <u>Plaintiff's Undertaking</u>

Section 515.010 of the California Code of Civil Procedure provides:

(a) Except as provided in subdivision (b), the court shall not issue . . . a writ of possession until the plaintiff has filed an undertaking with the court.  The undertaking shall provide that the sureties are bound to the defendant for the return of the property to the defendant, if return of the property is ordered, and for the payment to the defendant of any sum recovered against the plaintiff.  The undertaking shall be in an amount not less than twice the value of the defendant's interest in the property or in a greater amount.  The value of the defendant's interest in the property is determined by the market value of the property less the amount due and owing on any conditional sales contract or security agreement and all liens and encumbrances on the property,

and any other factors necessary to determine the defendant's interest in the property.

(b) If the court finds that the defendant has no interest in the property, the court shall waive the requirement of the plaintiff's undertaking and shall include in the order for the issuance of the writ the amount of the defendant's undertaking sufficient to satisfy the requirements of subdivision (b) of Section 515.020.

Plaintiff contends that the value of 'defendants' interest in the property' refers essentially to defendants' equity interest in the MRI equipment. In our October 11th Report and Recommendation we recommended that the District Court find that plaintiff had proffered evidence that would support a finding that the current ("forced sale") market value of the property is $375,000.00. Plaintiff also proffered evidence that defendants owe more than $2.8 million under the parties' contract. Declaration of Ray Crouse, at ¶23. Because defendants appear to owe plaintiff more than the value of the MRI equipment, the evidence supports a finding that defendants have no equity in the equipment. Plaintiff, therefore, asks us to waive the undertaking requirement pursuant to Cal. C.C.P. §515.010(b).

Defendants now do not oppose this request. Because the request is unopposed and because the evidence supports a finding that defendants have no interest in the MRI equipment, we RECOMMEND that the District Court WAIVE the requirement that plaintiff file an undertaking to obtain a writ of possession in accordance with Cal. Code Civ. Proc. §515.010(b).

## II.    Defendants' Undertaking

Section 515.010(b) directs the Court to "include in the order for the issuance of the writ the amount of the defendant's undertaking sufficient to satisfy the requirements of subdivision (b) of Section 515.020." For the reasons stated in the October 11th Report and Recommendation, we RECOMMEND that the District Court find that the amount of defendants' undertaking necessary to regain possession of the property should remain $375,000.00.

3

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **CONCLUSION**

We RECOMMEND that the District Court find that (1) the Clerk of the Court should promptly issue the writ of possession for the MRI equipment, (2) plaintiff's requirement to file an undertaking is waived, and (3) defendants may file an undertaking in the amount $375,000.00 in order to keep or regain possession of the MRI equipment.

IT IS SO REPORTED AND RECOMMENDED.

Dated: March 21, 2007

_____
WAYNE D. BRAZIL
United States Magistrate Judge

Copies to:
parties,
JSW,  wdb, stats